In the Matter of ISAAC J. DRESNICK, an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, November 27, 1956.

*Frank H. Gordon* for petitioner.

*David M. Potts* for respondent.

*Per Curiam.* The respondent has been charged with a violation of rule 1-B of the Special Rules of the Appellate Division of the Supreme Court Regulating the Conduct of Attorneys in the First Judicial Department pertaining to the conduct of attorneys which, so far as here applicable, provides that an attorney assigned as counsel for a defendant in a criminal case shall not accept any compensation except as authorized by a written order of the court duly entered on its minutes.

Respondent admits that as assigned counsel he accepted a fee from a friend of the defendant he was appointed to represent without obtaining prior leave of the court. In explanation of his conduct, respondent testified that he accepted the payment with the intention of applying to the court for approval of the payment. However, no order was obtained and respondent returned the money after the matter had been called to the attention of the Committee on Grievances of the Bar Association of the City of New York.

Rule 1-B is explicit that an assigned attorney obtain permission of the court before accepting or agreeing to accept any compensation. Under this rule, the court assigns counsel in the belief that the defendant is without funds. It then becomes the duty of an attorney so assigned to represent the defendant without compensation. The right is reserved to the court to be informed and to approve in advance any fee arrangement where funds become available for such purposes. Consequently, the acceptance of any compensation whatsoever without prior leave of the court violates the rule and constitutes professional misconduct warranting disciplinary action.

In respondent's favor it appears that he has a long and unblemished record at the Bar and has in many instances creditably performed legal services gratis for indigent defendants.

Respondent should be censured.

BREITEL, J. P., BOTEIN, RABIN, FRANK and VALENTE, JJ., concur.